**UNITED STATES of America,**

v.

**Garland W. KIMBLE, Defendant.**

United States District Court
S. D. New York.

Sept. 2, 1960.

S. Hazard Gillespie, Jr., U. S. Atty. for Southern Dist. of New York, New York City, for U. S., by Herbert Bruce Greene, Asst. U. S. Atty., New York City.

Milton Pariser, New York City, for defendant.

McGOHEY, District Judge.

The defendant has moved timely for a change of venue to the Eastern District of New York, pursuant to the provisions of 18 U.S.C. § 3237(b) and, alternatively, pursuant to rule 21(b) of the Federal Rules of Criminal Procedure.

The indictment is in two counts. The first charges presentation to the Internal Revenue Service of a knowingly false claim in violation of 18 U.S.C. § 287. The second charges use of a trick, scheme or device to conceal a material fact in a matter within the jurisdiction of the Internal Revenue Service in violation of 18 U.S.C. § 1001.

Rule 21(b) requires that it appear "from the indictment or information or from a bill of particulars that the offense was committed in more than one district." Here, no bill of particulars has been requested or furnished and the indictment does not show that either of the charged offenses was committed in more than one district. Accordingly the motion in so far as it is based on rule 21(b) must be denied.

Section 3237(b) of Title 18 provides:

"Notwithstanding subsection (a), wherein offense involves use of the mails and is an offense described in section 7201 or 7206(1), (2), or (5) of the Internal Revenue Code of 1954 (whether or not the offense is also described in another provision of law), and prosecution is begun in a judicial district other than the judicial district in which the defendant resides, he may upon motion filed in the district in which the prosecution is begun, elect to be tried in the district in which he was residing at the time the alleged offense was committed: *Provided,* That the motion is filed within twenty days after arraignment of the defendant upon indictment or information."

Section 7206(1) of the Internal Revenue Code, 26 U.S.C.A. § 7206(1), makes it an offense to make and subscribe "any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter."

The indictment does not allege use of the mails. Neither does it allege the residence of the defendant at the time of the alleged offenses. It appears, however, from affidavits of the defendant and his counsel which are not controverted by the government, that the basis of the indictment is a claim which the defendant made in an income tax return for 1954; that at the time he filed the return he was a resident of the Eastern District of New York, and that he filed the return by mailing it to an office of the Internal Revenue Service in the Southern District of New York.

The Court takes notice that the Federal income tax forms in use in 1954 contained, just above the place where the taxpayer is required to put his signature, a statement that the return is made under the penalties of perjury. It is not contended by the government that this statement was omitted from the defendant's return. I find it was not omitted and that therefore the return, of which the challenged claim was a highly material part, was made and subscribed by the defendant under the penalties of perjury.

It is clear, therefore, that the acts constituting the offenses charged in the indictment also constitute an offense under section 7206(1) of the Internal Revenue Code of 1954.

The government in opposing the motion makes various contentions which come to this: choice of venue under section 3237(b) is available to a defendant only when he is charged under one of the Internal Revenue Code provisions specified in that section and the indictment alleges use of the mails and residence of the defendant in a district other than that in which the indictment is found; and, in order to ascertain the nature of the defendant's conduct, his residence or whether the mails were

used, the court may not consider affidavits submitted by either the prosecutor or the defendant because "[T]he indictment is the sole source of information upon which this Court may decide the motion."

These contentions are rejected. The language of section 3237(b) and its legislative history[1] make it altogether clear that Congress' purpose in enacting it was to grant, despite the strong opposition of the Treasury and Justice Departments, a limited choice of venue under certain circumstances, to defendants indicted in a judicial district different from that of their residence, for (a) attempts to evade or defeat any tax imposed by the Internal Revenue Code of 1954 or the payment thereof [section 7201], or (b) the making or assisting another in making false returns, statements, etc. in connection with tax matters [section 7206(1), (2) and (5)]. There are, as indeed the instant indictment shows, other provisions of law under which such conduct may be prosecuted. However, it is also clear from the language of section 3237(b) that Congress was aware of this. Surely, then, in view of the government's expressed opposition, it cannot be supposed that Congress thwarted its own declared purpose by making the applicability of the statute depend on which provision of law the prosecutor chooses to charge was violated. Accordingly, the first test of availability must be, and I hold it is, the nature and effect of the acts alleged. If these would support a charge under one of the specified provisions of the Internal Revenue Code, it is immaterial that the charge is laid under another applicable provision of law.

The remaining contentions obviously are unsound. Charges of the nature here involved can be sufficiently alleged without alleging either the means by which the acts were accomplished or the residence of the defendant at the time they were accomplished. These matters are not elements of these offenses and consequently they need not and are not likely to be included in the indictment or information. However, since the Court must know the facts concerning them in order to determine a motion under section 3237(b), affidavits may and indeed must be resorted to.

The motion is granted.

Settle order.

---

1. U. S. Code Congressional and Administrative News 85th Congress 2nd Session pp. 3261–3263.