**UNITED STATES of America,**
**Plaintiff,**

v.

**Rocco YOUSE and Robert C. Bagemihl,**
**Defendants.**

**No. 74–CR–200.**

United States District Court,
E. D. Wisconsin.

Jan. 14, 1975.

William J. Mulligan, U. S. Atty, and Leah M. Lampone, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Neil F. Horton, Oakland, Cal., John Sanchez, Reno, Nev., and Joseph P. Balistrieri, Milwaukee, Wis., for defendant Youse.

David J. Cannon, Milwaukee, Wis., for defendant Bagemihl.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a criminal tax case in which the defendant Rocco Youse is charged in a multicount indictment with violations of § 7201 of the Internal Revenue Code for the calendar years 1968, 1969, and 1970 in connection with his individual income tax returns and those of Del Chemical Corporation of Nevada and the Del Chemical Corporation of Wisconsin. Defendant Youse has filed several pretrial motions. However, in light of the disposition of Youse's motion for a transfer of venue, it is unnecessary for this court to consider the remaining motions of defendant Youse.

I. *Motion for Transfer of Venue Pursuant to § 3237(b)*

Defendant Youse has made a timely motion for a change of venue to the United States District Court for the District of Nevada, Reno Division, pursuant to 18 U.S.C. § 3237(b). Section 3237(b) provides:

"(b) Notwithstanding subsection (a), where an offense is described in section 7203 of the Internal Revenue Code of 1954, or where an offense involves use of the mails and is an offense described in section 7201 or 7206 (1), (2), or (5) of such Code (whether or not the offense is also described

in another provision of law), and prosecution is begun in a judicial district other than the judicial district in which the defendant resides, he may upon motion filed in the district in which the prosecution is begun, elect to be tried in the district in which he was residing at the time the alleged offense was committed: *Provided,* That the motion is filed within twenty days after arraignment of the defendant upon indictment or information."

■■■ The intent of Congress in passing § 3237(b) was to permit a defendant to be tried in the district of his residence, thus avoiding the necessity of a defendant charged with specified violations of the Internal Revenue Code from having to defend a charge in the district chosen by the Government. A motion under § 3237(b) is not directed to the court's discretion, but rather Congress intended that defendants be given an absolute right to be tried for alleged violations enumerated in § 3237(b) in the district of their residence regardless of considerations of convenience. United States v. Wortman, 26 F.R.D. 183 (E.D.Ill.1960); S.Rep. No. 1952, 1958 U.S.Code Cong. & Adm.News, pp. 3261, 3262.

Defendant Youse is charged with eight separate violations of § 7201. Section 7201 is one of the operative Internal Revenue Code provisions specified in § 3237(b). In addition, Mr. Youse's affidavit which accompanies his motion states that he has been a resident of Nevada during the time that the alleged offenses were committed and that he remains a resident of Nevada to this date.

Thus, the sole question before the court is whether the "offense involves use of the mails" within the meaning of § 3237(b).

■■ The Government contends that because the indictment does not allege use of the mails and that use of the mails will not enter into the Government's proof of the offenses, § 3237(b) is inapplicable to the case. An allegation of the use of the mails in the indictment is not a condition to the invocation of § 3237(b). United States v. Dalitz, 248 F. Supp. 238 (S.D.Cal.1965). Nor must use of the mails be an element of the offense; the offense must merely "involve" the use of the mails. In United States v. Kimble, 186 F.Supp. 616 (S.D.N.Y.1960), the Government similarly argued that the indictment was the sole source of information upon which the court may decide a motion under § 3237(b). The court, holding that it could consider affidavits submitted in support of the motion, stated at 186 F.Supp. 616, 618:

"Charges of the nature here involved can be sufficiently alleged without alleging either the means by which the acts were accomplished or the residence of the defendant at the time they were accomplished. These matters are not elements of these offenses and consequently they need not and are not likely to be included in the indictment or information. However, since the Court must know the facts concerning them in order to determine a motion under section 3237(b), affidavits may and indeed must be resorted to."

In this case defendant Youse has submitted an affidavit stating that during the years from 1968 to 1971, he communicated with the codefendant Bagemihl and others concerning the preparation and filing of the income tax returns in question. This affidavit stands uncontroverted by the Government.

■■■ Alternatively, the Government contends that defendant's affidavit fails to demonstrate the type of mail use contemplated by § 3237(b). Apparently the Government contends that a § 3237(b) transfer is available only if defendant used the mails in filing the returns in question. Nothing in the language of the statute, its legislative history, or in subsequent cases arising under the statute indicates that Congress intended the phrase "use of the mails" to apply only to the mailing of the returns for filing.

Section 3237(b) requires only that the defendant use the mails to commit the acts proscribed by the statute alleged to have been violated in the indictment. In this case the indictment alleges a violation of § 7201 of the Internal Revenue Code, 26 U.S.C. § 7201. Section 7201 makes it an offense to attempt to evade or defeat the payment of the income tax. Thus, if defendant Youse used the mails to "attempt to evade or defeat the income tax," he is entitled to a transfer to the district of his residence, i.e. Nevada. Consequently, the uncontroverted affidavit of Youse that he communicated by mail with others concerning the preparation and filing of the tax returns in question is sufficient to satisfy the requirements of § 3237(b) that the mails be used to evade or defeat the income tax.

 Finally, the court in United States v. Dalitz, 248 F.Supp. 238, 239–240 (S.D.Cal.1965), held that "the 'use of the mails' provisions in Section 3237 (b) is satisfied by the mailing of the alleged fraudulent return to the Internal Revenue Service * * *." Even assuming that the "use of the mails" provision refers *only* to the actual filing of the returns rather than communications concerning the preparation and filing of the returns as contended by the Government, transfer of the case would be proper because the returns were filed through the mail. Defendant Youse claims in his brief in support of the motion that the returns of Del Chemical Corporation of Wisconsin were filed by mail with the Internal Revenue Service in Kansas City, Missouri, and that the returns of Del Chemical Corporation of Nevada and of Rocco Youse were filed by mail with the Internal Revenue Service in Ogden, Utah.

Because of the transfer of venue to Nevada, it is unnecessary to decide defendant's remaining motions.

## II. *Codefendant's Motion for Severance*

Codefendant Robert C. Bagemihl has also moved for a severance of the case against him from the case against Rocco Youse. In light of the transfer of the case against Youse to Nevada, it is necessary to sever the defendants. Defendant Bagemihl is charged with various violations of § 7206(1), (2) of the Internal Revenue Code, and, consequently, he too is entitled to be tried in the district of his residence (Wisconsin) under 18 U.S.C. § 3237(b).

For the foregoing reasons,

It is ordered that Counts I through VIII of the indictment against Rocco Youse be and they hereby are transferred for trial to the United States District Court for the District of Nevada, Reno Division.

It is further ordered that the trial of codefendant Robert C. Bagemihl be and it hereby is severed from that of defendant Rocco Youse.