**UNITED STATES of America**

v.

**Louis OSTRER, a/k/a "Louis Cuple", "Jack Ostrer" and "Rick Kaplan", Rita Ostrer, Seymour Greenfield, and Cy Reeves Snyder, Defendants.**

**No. 78 Cr. 535 (KTD).**

United States District Court,
S. D. New York.

Sept. 11, 1978.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for U. S., Alan R. Naftalis, Asst. U. S. Atty., New York City, of counsel.

Fischetti & Shargel, New York City, for defendant Rita Ostrer; Gerald L. Shargel, New York City, of counsel.

Charles L. Weintraub, New York City, for defendant Cy Reeves Snyder.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Defendants Rita Ostrer and Cy Reeves Snyder have brought these motions pursuant to 18 U.S.C. § 3237(b) for an order transferring the criminal charges brought against them to the Eastern District of New York and the Southern District of Florida, respectively. Rita Ostrer is charged, in one count of a seven count, multi-defendant indictment, with conspiracy to defraud the United States by impeding the Internal Revenue Service in its collection of revenue, in violation of Title 18 U.S.C. § 371. Cy Reeves Snyder is charged in three counts of the same indictment with embezzlement of moneys in pension and welfare funds in violation of Title 18 U.S.C. §§ 664 and 2, as well as conspiracy to embezzle.

■ Defendants assert they are entitled to have the charges against them transferred to the district in which they reside. They rely upon 18 U.S.C. § 3237(b) which provides:

> Notwithstanding subsection (a), where an offense . . . involves use of the mails and is an offense described in section 7201 or 7206(1), (2), or (5) of the Internal Revenue Code of 1954 (whether or not the offense is also described in another provision of law), and prosecution is begun in a judicial district other than the judicial district in which the defendant resides, he may upon motion filed in the district in which the prosecution is begun, elect to be tried in the district in which he was residing at the time the alleged offense was committed: *Provided,* That the motion is filed within twenty days after arraignment of the defendant upon indictment or information.

This section has been interpreted to give defendants charged with the enumerated offenses an absolute right to have the charges tried in the district of their residence. *See United States v. Youse,* 387 F.Supp. 132, 134 (E.D.Wis.1975), *United States v. Wortman,* 26 F.R.D. 183, 192 (E.D.

Ill.1960). There is some conflict, however, as to whether this absolute right extends as well to conspiracy charges based upon those enumerated offenses. *Compare United States v. Dalitz,* 248 F.Supp. 238, 240–41 (S.D.Cal.1965) *with United States v. Wortman, supra* at 193. The better view appears to leave to the trial judge's discretion the decision whether or not to transfer these charges. *See United States v. Turkish* (S.D.N.Y.1978) 458 F.Supp. 874. This affords the Court an opportunity to balance the interests to be served by a transfer, with those militating in favor of retaining the conspiracy counts.

In this case, Rita Ostrer is charged with a conspiracy to evade taxes. The substantive offense underlying the conspiracy count, 26 U.S.C. § 7201, is one of the offenses enumerated in § 3237(b). Thus, to the extent that a nexus between the conspiracy charged and the enumerated sections of § 3237(b) is significant in determining whether to transfer, this factor might appear to favor such a move.

■ However, there are other interests to be considered in deciding whether transfer is in order. The most significant, I believe, is that of judicial economy. Rita Ostrer is charged along with three other defendants in the indictment. Moreover, although she is named in only one count, she is joined in that count by two co-conspirators. Thus, it appears that even if her motion is granted, a trial on the conspiracy charge would be required in this district. Rather than create a situation where there are multiple trials, it would appear that the interests of justice are better served by a trial of all related matters in one district. Accordingly, Rita Ostrer's motion is denied.

Cy Reeves Snyder has not been charged in any of the tax counts of the indictment. He argues, however, that because he is an unindicted co-conspirator in count one (conspiracy to evade taxes) and because the government *could have* charged him with tax evasion in relation to the moneys allegedly embezzled, he is entitled to take advantage of the transfer provisions of § 3237(b).

■ I have already discussed the transferability of the conspiracy count. Clearly, an unindicted co-conspirator is no more entitled to a transfer of venue than is an indicted conspirator. Thus, the reasoning set forth above with regard to this Court's retention of the conspiracy count pertaining to Rita Ostrer applies with equal force to defendant Snyder.

■ Nor am I persuaded that merely because Snyder could have been charged with tax evasion he is entitled to a transfer pursuant to § 3237. This section was enacted to afford a limited choice of venue to defendants indicted for tax evasion or for making false statements in connection with tax matters. *United States v. Kimble,* 186 F.Supp. 616, 618 (S.D.N.Y.1960). In *Kimble* the Court viewed the offenses falling within § 3237(b) broadly to include other acts alleged that would support a charge under the enumerated provisions of that section. Even in *Kimble,* however, the original acts charged involved tax offenses. In the instant case, by contrast, Snyder is not charged with any tax violations. To give *Kimble* the broad gloss suggested by Snyder and apply the transfer provisions of § 3237(b) irrespective of whether the underlying act charged was a tax violation, would, in my view, extend §·3237 well beyond any intention that Congress might have had in adopting it. This is an extension I am unwilling to sanction.

Accordingly, for the reasons detailed above, defendants' motions to transfer are denied.

IT IS SO ORDERED.