**UNITED STATES of America**

v.

**Charles H. ROSENBERG and Alfred E. Garber.**

**Crim. No. 63–691.**

United States District Court
S. D. Florida.

Jan. 30, 1964.

Robert C. Josefsberg, Asst. U. S. Atty., Wm. A. Meadows, Jr., U. S. Atty., Miami, Fla., for plaintiff.

Chester Bedell, Jacksonville, Fla., for defendant Rosenberg.

W. G. Ward, Miami, Fla., for defendant Garber.

FULTON, District Judge.

The defendants, Rosenberg and Garber, have been indicted by a grand jury in the Southern District of Florida. The indictment contains six counts, all of which basically allege fraud in connection with federal income taxes, which were due to the United States from Rose Printing Company.

Succinctly stated, the first count charges Defendants jointly with a conspiracy to evade income taxes due from said company (18 U.S.C. § 371). Counts two,

three and four are substantive counts which charge the defendants jointly with attempting to evade federal income taxes which were due from said company, by the filing of false returns with the District Director of Internal Revenue at Jacksonville, Florida (26 U.S.C. § 7201). Counts five and six are substantive counts, similar to the other substantive counts, except that counts five and six name only Rosenberg as defendant.

It is alleged, that at all times germane to the offenses charged, Rosenberg was an officer and substantial stockholder of Rose Printing Company, and that Garber was the accountant for said company.

It appears from the sworn allegations of defendants' motions to transfer this cause to the judicial districts wherein they respectively reside, and from supporting affidavits, and from concessions of counsel for the government at the hearing upon said motions, that Rosenberg is now, and was when the offenses were allegedly committed, a resident of Tallahassee, Florida, which is within the Northern District of Florida; and that Garber is now, and was at the time the offenses were allegedly committed, a resident of Atlanta, Georgia, which is within the Northern District of Georgia. It also affirmatively appears from said motions, affidavits and concessions that the offense alleged in each of said counts did in fact involve the use of the United States mails, and that said motions have been timely filed.

Rosenberg's motion seeks the transfer of each count which relates to him, including the conspiracy count, to the Northern District of Florida, wherein he resides. Garber moves for the transfer of each count that relates to him, including the conspiracy count, to the Northern District of Georgia, wherein he resides. Both motions are predicated on 18 U.S.C. § 3237(b), which reads as follows:

"Notwithstanding subsection (a), where an offense involves use of the mails and is an offense described in section 7201 or 7206(1), (2), or (5) of the Internal Revenue Code of 1954 (whether or not the offense is also described in another provision of law), and prosecution is begun in a judicial district other than the judicial district in which the defendant resides, he may upon motion filed in the district in which the prosecution is begun, elect to be tried in the district in which he was residing at the time the alleged offense was committed: *Provided,* That the motion is filed within twenty days after arraignment of the defendant upon indictment or information."

Alternatively, both defendants move for the transfer of the entire cause to the Jacksonville Division of the Middle District of Florida, where the offices of the District Director of Internal Revenue are maintained, and where the tax returns of Rose Printing Company were filed. This alternative motion is predicated on 18 U.S.C. § 3240.

The defendants contend that the conspiracy count is within the meaning of section 3237(b) of Title 18 United States Code; and that it should be transferred along with the substantive counts, to the judicial district wherein each defendant resides.

At the hearing, the government agreed that each defendant is entitled to have the substantive counts which relate to him transferred to the judicial district of his residence; but the government objected to such transfer of count one, which contains the conspiracy charge. In so objecting, the government claims that count one charges a conspiracy under 18 U.S.C. § 371; and that a conspiracy to commit a crime, as provided for by said statute, is not "an offense which is described in section 7201 or 7206(1), (2), or (5) of the Internal Revenue Code of 1954. * * * ;" and that, therefore, neither defendant can demand the transfer of the conspiracy count to the judicial district in which he resides.

The government announced at the hearing that it had no objection to the transfer of the entire cause against both defendants to the Jacksonville Division of

the Middle District; or to the transfer of the substantive counts to the districts wherein the defendants thereto reside, and for the transfer of the conspiracy count to either the Jacksonville Division of the Middle District, or the retention of the conspiracy count by this Court, in the Southern District.

[redacted] The government urges a strict interpretation of section 3237(b), and contends that if Congress had intended to include conspiracies to violate the sections of the Internal Revenue Code of 1954 specified in section 3237(b), it could have specifically done so in that statute. Although a conspiracy to violate section 7201 of Title 26 United States Code is not specifically alluded to in section 3237(b), this in and of itself, cannot be a basis for concluding that Congress intended to exclude conspiracies from the intendment of the statute. *Accord,* U. S. v. Kimble, 186 F.Supp. 616 (S.D.N.Y. 1960).

It is clear beyond argument that Congress intended to give a defendant who is charged with a violation of section 7201 of Title 26 United States Code, the right to be tried in the judicial district of his residence, under certain specified conditions. When Congress enacted section 3237(b) it knew that the government often charged multiple defendants, in indictments containing multiple counts, with tax violations which are specified in section 3237(b); and that the government can, and usually does, include a conspiracy charge, along with the others. If the "right" afforded by section 3237 (b) does not extend to the conspiracy charge, such defendants cannot exercise that "right," with regard to the substantive counts, without avoiding two trials, one on the substantive counts and one on the conspiracy charge. This result could compel a defendant to forego exercising the "right" afforded under section 3237(b) and would certainly render that "right" a specious one at best.

[redacted] This Court concludes that said section 3237(b) gives each defendant the right to require the transfer of the conspiracy count, along with the substantive counts, to the judicial district of his residence. This result will make it possible for each defendant to be tried in a single prosecution in the judicial district where he resides. It will prevent dual or triple prosecutions at different times and places. Such a result appears to fulfill, rather than frustrate, the purpose of Congress. Moreover, such a result accords with reason, and facilitates the administration of justice. Thereupon it is,

[redacted]

Ordered and adjudged that this cause, as it pertains to the defendant Rosenberg, be transferred to the Northern District of Florida; and that this cause, as it pertains to the defendant Garber, be transferred to the Northern District of Georgia.