**UNITED STATES of America, Plaintiff,**

v.

**Morris B. DALITZ and Eli Boyer, Defendants.**

**Crim. No. 35365.**

United States District Court
S. D. California,
Central Division.

Nov. 18, 1965.

Manuel L. Real, U. S. Atty., John K. Van De Kamp, Asst. U. S. Atty., Chief, Criminal Division, John F. Lally, Asst.

U. S. Atty., Los Angeles, Cal., for plaintiff.

Hochman & Salkin, Beverly Hills, Cal., for defendants.

CRARY, District Judge.

Defendants Morris B. Dalitz, a resident of Las Vegas, Nevada, and Eli Boyer, a resident of Los Angeles, California, move for a transfer of the within action to the United States District Court, District of Nevada, Las Vegas, Nevada. The grounds urged for the change of venue are:

(1) Defendant Dalitz is entitled to such change as a matter of law under the provisions of Title 18, U.S.C. § 3237(b).

(2) Both defendants are entitled to the change of venue in the interest of justice, Las Vegas being the place where the "greatest volume of tangible evidence might be found and * * * the place where many of the witnesses work and reside."

Section 3237(b) of Title 18 U.S.C. provides:

"(b) Notwithstanding subsection (a), where an offense involves use of the mails and is an offense described in section 7201 or 7206(1), (2), or (5) of the Internal Revenue Code of 1954 (whether or not the offense is also described in another provision of law), and prosecution is begun in a judicial district other than the judicial district in which the defendant resides, he may upon motion filed in the district in which the prosecution is begun, elect to be tried in the district in which he was residing at the time the alleged offense was committed: *Provided,* That the motion is filed within twenty days after arraignment of the defendant upon indictment or information."

It is noted that said Section is applicable only where an offense involves " * * * use of the mails * * *." The Indictment in the instant case does not allege use of the mails. The court, however, concludes that such an allegation in the Indictment is not a condition to the invoking of Section 3237(b) if the record discloses that the mails were used for transporting the tax return in question to the Director of Internal Revenue. In paragraph (1), page 4, of defendants' motion it is stated that for the purposes of the motion counsel for the parties stipulate that defendant Dalitz " * * * filed his calendar year 1959 income tax return with the Director of Internal Revenue in Nevada through use of the United States mail." In the case of United States v. Kimble, 186 F.Supp. 616 (D.C. S.D.N.Y.1960), the Indictment in the Southern District of New York was in two counts. The first charges presentation to the Internal Revenue Service of a knowingly false claim in violation of 18 U.S.C. § 287. The second charges use of a trick, scheme or device to conceal a material fact in a matter with the jurisdiction of the Internal Revenue Service in violation of 18 U.S.C. § 1001. The defendant moved for a change of venue to the Eastern District of New York, pursuant to the provisions of 18 U.S.C. § 3237(b). Relative to the point re need for use of the mails to come within 18 U.S.C. § 3237(b), the court in the Kimble case states at page 617 of the opinion:

"The indictment does not allege use of the mails. Neither does it allege the residence of the defendant at the time of the alleged offenses. It appears, however, from affidavits of the defendant and his counsel which are not controverted by the government, that the basis of the indictment is a claim which the defendant made in an income tax return for 1954; that at the time he filed the return he was a resident of the Eastern District of New York, and that he filed the return by mailing it to an office of the Internal Revenue Service in the Southern District of New York."

■■ It appears that the "use of the mails" provision in Section 3237(b) is satisfied by the mailing of the alleged

fraudulent return to the Internal Revenue Service, and the allegation of use of the mails in the Indictment is not a requisite to a reliance on the said code section.

Examination of the Indictment herein discloses a one-count Indictment alleging conspiracy on the part of the defendants to violate Section 7201 of the Internal Revenue Code (26 U.S.C. § 7201) by an " * * * attempt to evade and defeat a substantial portion of the income taxes owed by defendant Morris B. Dalitz and his wife, Averill Dalitz, for the calendar year 1959." The defendant Boyer is a certified public accountant, allegedly retained by defendant Dalitz, who prepared the tax return involved.

The court in United States v. Wortman, 26 F.R.D. 183 (D.C.E.D.Ill.1960), was concerned with a nine-count indictment, the first eight counts of which charged crimes under the Internal Revenue Code. It appears from the opinion that violations of Sections 7201, U.S.C. Title 26, Section 145(b), Title 26 (said Section contained in Section 7201), and Section 7206(2), Title 26, are charged in the eight counts (see page 192). Count 9 charges conspiracy to commit the acts alleged in the first eight counts in violation of Section 371, U.S.C., Title 18. Motions of defendants for change of venue for trial at their respective residences were granted under the provisions of 18 U.S.C. 3237(b) as to the first eight counts. The motions were denied as to the conspiracy count and the court retained jurisdiction thereof (page 193).

The court states at page 193 of the opinion:

"Section 3237(b), Title 18, is limited to violations of the sections enumerated therein and does not require transfer of a cause involving the violation of Section 371, Title 18 U.S. C. Section 3237(b), Title 18, does not require the conspiracy charge to be transferred even though the conspiracy may have been in furtherance of a violation of the offenses enumerated therein. If Congress had intended that conspiracies to violate the enumerated sections be also transferred to the district of residence upon request of the persons so charged, it could have said so."

It appears to this court that the Wortman case is not applicable to the case at bar since there is not a separate count re conspiracy. That case is authority for the position of the defendants herein, that they may elect to be tried in the District of their respective residences at the time the alleged offense under Section 7201 was committed.

Referring again to the Kimble case, supra, it is noted that neither offense there involved charged violation of Section 7201 or Section 7206(1), (2) or (5) of the Internal Revenue Code of 1954. The court, however, observes at page 617 that the acts constituting the offenses charged in the Indictment (18 U.S.C. §§ 287 and 1001) "also constitute an offense under section 7206(1) of the Internal Revenue Code of 1954." At page 618 of the opinion, the court says:

"The language of section 3237(b) and its legislative history make it altogether clear that Congress' purpose in enacting it was to grant, despite the strong opposition of the Treasury and Justice Departments, a limited choice of venue under certain circumstances, to defendants indicted in a judicial district different from that of their residence, for (a) attempts to evade or defeat any tax imposed by the Internal Revenue Code of 1954 or the payment thereof [section 7201], or (b) the making or assisting another in making false returns, statements, etc. in connection with tax matters [section 7206 (1), (2) and (5)]. There are, as indeed the instant indictment shows, other provisions of law under which such conduct may be prosecuted. However, it is also clear from the language of section 3237(b) that Congress was aware of this. Surely, then, in view of the government's expressed opposition, it cannot be supposed that Congress thwarted its own declared purpose by making the

applicability of the statute depend on which provision of law the prosecutor chooses to charge was violated. Accordingly, the first test of availability must be, and I hold it is, the nature and effect of the acts alleged. If these would support a charge under one of the specified provisions of the Internal Revenue Code, it is immaterial that the charge is laid under another applicable provision of law."

In the case at bar defendants are charged under the conspiracy section (18 U.S.C. § 371) but the substantive offense charged is described in said Section 7201, Title 26. Since the real offense concerns a violation of Section 7201, the application of 18 U.S.C. § 3237(b) would appear appropriate to allow defendant Dalitz to undergo trial in Nevada, the state of his residence. The Indictment under the conspiracy section should not circumvent the intent of Congress in the circumstances.

Defendant Boyer joins defendant Dalitz in the motion for change of venue, and although he resided in Los Angeles at the pertinent time, having in mind all of the facts and circumstances involved, there would not be good reason for two trials, one in Nevada as to defendant Dalitz and one in California as to defendant Boyer.

In the recent case of United States v. Rosenberg, 226 F.Supp. 199 (D.C.S.D. Fla.1964), the defendants, Rosenberg and Garber, were indicted on six counts in the Southern District of Florida. At the time the offense was alleged to have been committed defendant Rosenberg resided in Tallahassee, Florida, in the Northern District of Florida, and defendant Garber was a resident of Atlanta, Georgia, Northern District of Georgia.

The first count charged defendants jointly with a conspiracy to evade income taxes due from Rose Printing Company (18 U.S.C. § 371). Defendant Rosenberg was an officer and substantial stockholder of Rose Printing Company and defendant Garber was the accountant for said company. Counts 2, 3 and 4 are substantive counts which charge the defendants jointly with attempting to evade federal income taxes which were due from said company by filing false returns with the District Director of the Internal Revenue Service at Jacksonville, Florida (26 U.S.C. § 7201). Counts 5 and 6 are substantive counts, similar to the other substantive counts, except that counts 5 and 6 name only Rosenberg as defendant. Both defendants filed motions under 18 U.S.C. § 3237(b) for change of venue of all counts pertaining to them, including the conspiracy count, to their respective places of residence. The defendants contended that the conspiracy count is within the meaning of Section 3237(b) of Title 18 U.S.C., and that it should be transferred along with the substantive counts to the judicial district where each defendant resides. The government agreed that each defendant is entitled to have the substantive counts which relate to him transferred to the judicial district of his residence but the government objected to such transfer of count one, which contains the conspiracy charge.

The court, in granting the defendants' motion to transfer the conspiracy count, stated at page 201:

"Although a conspiracy to violate section 7201 of Title 26 United States Code is not specifically alluded to in section 3237(b), this in and of itself, cannot be a basis for concluding that Congress intended to exclude conspiracies from the intendment of the statute. Accord, United States v. Kimble, 186 F.Supp. 616 (S.D.N.Y.1960).

"It is clear beyond argument that Congress intended to give a defendant who is charged with a violation of section 7201 of Title 26 United States Code, the right to be tried in the judicial district of his residence, under certain specified conditions. When Congress enacted section 3237 (b) it knew that the government often charged multiple defendants, in indictments containing multiple counts, with tax violations which are

specified in section 3237(b); and that the government can, and usually does, include a conspiracy charge, along with the others. If the 'right' afforded by section 3237(b) does not extend to the conspiracy charge, such defendants cannot exercise that 'right,' with regard to the substantive counts, without avoiding two trials, one on the substantive counts and one on the conspiracy charge. This result could compel a defendant to forego exercising the 'right' afforded under section 3237(b) and would certainly render that 'right' a specious one at best.

"This Court concludes that said section 3237(b) gives each defendant the right to require the transfer of the conspiracy count, along with the substantive counts, to the judicial district of his residence."

The court ordered that the cause as it pertained to defendant Rosenberg be transferred to the Northern District of Florida and as it pertained to defendant Garber be transferred to the Northern District of Georgia.

The court is confronted with the question of the effect of the application of 18 U.S.C. § 3237(b) to the one-count conspiracy indictment filed herein. May the Government cancel the rights of the non-resident defendant Dalitz to have the case tried in the District in which he resides by filing a one-count indictment alleging a conspiracy to violate Section 7201 of Title 26, U.S.C. between said Dalitz, a resident of Nevada, and a second defendant, a resident of California, at the pertinent time involved? The court concludes that the opinion of the court in the Rosenberg case, supra, states the rule which correctly interprets the intention of Congress, that the charge of conspiracy by separate count does not avoid the effect of Section 3237(b). It follows, in the opinion of the court, that the charging in a one-count indictment of conspiracy to violate Section 7201 of

Title 26 does not void the right of a defendant to transfer the case to the District of his residence under the provisions of Title 18, Section 3237(b).

Defendants rely on Rule 21(b) of Federal Rules of Criminal Procedure in addition to the provisions of Section 3237 (b), Title 18, U.S.C. Affidavits in support of defendants' motion for change of venue support the position of defendants that the books and records involved are in Las Vegas, the auditing was accomplished in Las Vegas, the work in preparation of the returns was almost entirely performed in Las Vegas and the great majority of witnesses who will be called to testify live in Las Vegas. Plaintiff states, at page 7 of its opposition to defendants' motion for change of venue:

"It is clear, therefore, that the conspiracy charge brought in this district is not an attempt to take advantage of a fortuitous connection with this district, but rather a reflection of the practical necessities of such a prosecution, namely the location of witnesses and evidence within in this district."

At page 9 of said opposition to motion, plaintiff states:

" * * * the great majority of the plaintiff's proposed witnesses reside either in this district or in places other than the District of Nevada;".

These statements are not supported by affidavits nor are the names and residences of the plaintiff's witnesses set forth nor the number of witnesses to be called by the plaintiff.

For the reasons noted hereinabove, the defendants' motion for transfer of proceeding and change of venue is granted, and the within action is ordered transferred to the United States District Court, District of Nevada. Pending motion to dismiss indictment, motion for Bill of Particulars, and motion to suppress are placed off calendar.