UNITED STATES of America, Plaintiff,

v.

Milton B. DORISON, Richard M. Firestone and Lance E. Eisenberg, Defendants.

Crim. Nos. 83–20034–01 to 83–20034–03.

United States District Court, S.D. West Virginia, Charleston Division.

June 3, 1983.

---

Thomas E. Dwyer, Jr., Dwyer & Murray, Boston, Mass., Larry G. Kopelman, Charleston, W.Va., for Milton B. Dorison.

Benjamin Brafman, New York City, for Richard M. Firestone.

Martin R. Baach, Nussbaum, Owen & Webster, Washington, D.C., James K. Brown, Charleston, W.Va., for Lance E. Eisenberg.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

On April 12, 1983, a grand jury returned the within thirty-count indictment, wherein Count One alleges that between approximately December, 1975, and the summer of 1979, that the Defendants, Dorison, Firestone and Eisenberg violated 18 U.S.C. § 371 by knowingly conspiring (1) to defraud the United States by obstructing the Internal Revenue Service's computation, assessment and collection of federal income taxes, and (2) to commit offenses against the United States by aiding and assisting in the preparation and presentation of materially false and fraudulent income tax returns. The indictment further charges Dorison, who then resided in the District of New Jersey, and Firestone, who then resided in the Southern District of New York, with having committed twenty-nine substantive violations of 26 U.S.C. § 7206(2) [1] and 18 U.S.C. § 2. Eisenberg, who then resided in the Southern District of Florida, is named as a Defendant in six [2] of these substantive counts. After their arraignment on these charges, each of the Defendants filed a timely motion for a change of venue to the respective districts wherein they reside, pursuant to 18 U.S.C. § 3237(b). [3]

---

1. 26 U.S.C. § 7206(2) provides:

"Any person who ... [w]illfully aids or assists in or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such 'return, affidavit, claim or document [shall be guilty of an offense against the United States]."

2. *See* Counts Nine—Fourteen.

3. 18 U.S.C. § 3237(b) provides in pertinent part as follows:

"[W]here an offense involves use of the mails and is an offense described in Section ... 7206 ... (2) ... of ... [the internal revenue] code (whether or not the offense is also described in another provision of law), and prosecution is begun in a judicial district other than the judicial district in which the defendant resides, he may upon motion filed in the district in which the prosecution is begun, elect to be tried in the district in which he was residing at the time the alleged offense was committed: *Provided* that the motion is filed within twenty days after arraignment of the defendant upon indictment ...."

While the Government admits that the individual and partnership tax returns which are the subject of the twenty-nine substantive counts of the within indictment were filed with the Internal Revenue Service by means of the

The resolution of these motions is governed [4] by the Fourth Circuit's recent holding in *In Re U.S. (Nardone),* [5] wherein it adopted the minority view that a defendant who is being prosecuted for an alleged violation of 26 U.S.C. § 7206(2) is not entitled to a change of venue to the district of his residence, pursuant to 18 U.S.C. § 3237(b), unless the *only* nexus between the alleged violation and the district wherein he was indicted was the use of the mails. Accordingly, Section 3237(b):

"Is not a sword enabling the taxpayer to transfer prosecution to his district of residence in cases ... where the government seeks to establish venue wholly apart from any use of the mails. The statute does not enable a taxpayer who has violated the law in a district by means other than the use of the mails to escape prosecution in that district simply by mailing a letter. We construe § 3237(b) to apply, at most, to tax prosecutions that involve the use of the mails in the sense that a mailing, whether or not alleged in the indictment, is the basis on which the prosecution seeks to establish venue in a district other than the taxpayer's district of residence."

*In Re U.S. (Clemente),* 608 F.2d 76, 80–81 (2d Cir.1979), *cert. denied* 446 U.S. 908, 100 S.Ct. 1834, 64 L.Ed.2d 260 (1980). *But cf., U.S. v. United States District Court,* 693 F.2d 68 (9th Cir.1982); *U.S. v. DeMarco,* 394 F.Supp. 611 (D.D.C.1975); *U.S. v. Youse,* 387 F.Supp. 132 (E.D.Wis.1975); *U.S. v. Dalitz,* 248 F.Supp. 238 (S.D.Cal. 1965); *U.S. v. Rosenberg,* 226 F.Supp. 199 (S.D.Fla.1964); *U.S. v. Kimble,* 186 F.Supp. 616 (S.D.N.Y.1960); *U.S. v. Wortman,* 26 F.R.D. 183 (E.D.Ill.1960), *reversed on other grounds,* 326 F.2d 717 (7th Cir.1964).

Inasmuch as the Government maintains the venue on the Section 7206(2) counts is proper in the Southern District of West Virginia, wholly apart from any use of the mails, the Court hereby denies the Defendants Dorison, Firestone and Eisenberg's timely motions for a change of venue, pursuant to 18 U.S.C. § 3237(b).

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record.

---

United States mail, it nonetheless maintains that these offenses do not "involve the use of the mails", as that term is used in Section 3237(b).

**4.** Contending that *Nardone* neither accords Section 3237(b) its plain meaning, nor comports with the statute's legislative history, the Defendants would have the Court disregard, or at least, criticize its holding. Naturally, the Court declines their invitation, inasmuch as it is obligated to apply the law as enunciated by the United States Court of Appeals for the Fourth Circuit. *See Doe v. Charleston Area Medical Center, Inc.,* 529 F.2d 638, 642 (4th Cir.1975).

**5.** 706 F.2d 494 (4th Cir.1983) (petition for rehearing *en banc* pending), *adopting In Re U.S. (Clemente),* 608 F.2d 76 (2d Cir.1979).