791 F.2d 663
 In re GRAND JURY PROCEEDINGS (85 MISC. 140) Appellant.
 No. 85-2307.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 17, 1986.
Decided May 29, 1986.
 
 Peter D. Williamson, Houston, Tex., for appellant.
 Ben Clerk, St. Louis, Mo., for appellee.
 Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge and FAGG, Circuit Judge.
 BRIGHT, Senior Circuit Judge.
 
 
 1
 Janet Cheetham appeals from the district court's[1] denial of her motion to quash a subpoena requiring her testimony before a grand jury investigating one of her clients. We affirm.
 
 
 2
 I. BACKGROUND.
 
 
 3
 A grand jury is investigating John Doe[2] on suspicion of bank and credit card fraud. As part of its investigation, the grand jury seeks photographs and handwriting exemplars of Doe for comparison with signatures used on the fraudulent documents.
 
 
 4
 The Immigration and Naturalization Service (INS) has produced documents purporting to bear the signatures and photograph of Doe. These documents also bear the signature of Cheetham attesting that she prepared the documents. Cheetham represented Doe in INS matters unrelated to the grand jury proceedings, and does not represent Doe in the grand jury investigation.
 
 
 5
 The grand jury subpoenaed Cheetham to testify regarding the authenticity of Doe's signatures and photograph on the INS documents. Cheetham brought a motion to quash before the magistrate, which was denied. She appealed to the district court, which also denied her motion and ordered her to testify.[3] Cheetham brings this appeal, contending that the district court erred in concluding that her testimony would not be protected by the attorney-client privilege, and in not requiring the Government to prove the need for her testimony through affidavit.
 
 
 6
 II. DISCUSSION.
 
 
 7
 The common law rule of attorney-client privilege[4] extends only to confidential communications from a client to his or her attorney. See Fisher v. United States, 425 U.S. 391, 403-04, 96 S.Ct. 1569, 1577-78, 48 L.Ed.2d 39 (1976); In re Berkley & Co., Inc., 629 F.2d 548, 552 (8th Cir.1980). Confidential communications encompass that information communicated on the understanding that it would not be revealed to others, and to matters constituting protected attorney work product. The identity of one's client usually falls outside the scope of the attorney-client privilege. See, e.g., In re Shargel, 742 F.2d 61, 62 (2d Cir.1984); In re Grand Jury Proceedings, 517 F.2d 666, 670-71 (5th Cir.1975). Moreover, matters existing in the public eye, such as a person's appearance and handwriting, are generally not confidential communications because they were not exposed on the assumption that others would not learn of them. See In re Walsh, 623 F.2d 489, 494 (7th Cir.), cert. denied, 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980); United States v. Kendrick, 331 F.2d 110, 113-14 (4th Cir.1964). Indeed, in this case, Doe voluntarily revealed his signatures and photograph to the INS.
 
 
 8
 Cheetham contends that the attorney-client privilege should apply here because the information sought might tend to incriminate her client. She argues that any information gained by an attorney in her relationship with a client is privileged if exposure of the information might become a link in a chain of evidence connecting her client with a crime. Cheetham asserts that she gained the information sought by the grand jury during her legal relationship with Doe, and that her testimony could provide the necessary link between Doe and the fraudulent scheme.
 
 
 9
 We disagree. It is true that certain information ordinarily outside the privilege may become privileged if, by revealing the information, the attorney would necessarily disclose confidential communications. See In re Witnesses Before The Special March 1980 Grand Jury, 729 F.2d 489 (7th Cir.1984). Nonprivileged information is not suddenly transformed into confidential communications, however, whenever it becomes relevant to a criminal investigation or prosecution of a client. We conclude that the information sought by the grand jury does not constitute confidential communications protected by the attorney-client privilege.
 
 
 10
 Finally, Cheetham argues that the subpoena compelling her testimony must be quashed because the Government failed to make a preliminary showing, by affidavit, of the legitimate need and relevance of her testimony. She argues that she cannot be compelled to testify in the absence of such an affidavit, citing In re Grand Jury Proceedings, 486 F.2d 85 (3d Cir.1973), and In re Grand Jury Proceedings, 507 F.2d 963 (3d Cir.), cert. denied, 421 U.S. 1015, 95 S.Ct. 2424, 44 L.Ed.2d 685 (1975).
 
 
 11
 We decline to adopt the rule urged by Cheetham in this case. The Government amply demonstrated the relevancy of the Cheetham's testimony and the purpose for which it seeks the information during these proceedings. We see no reason to require that the Government file an affidavit reiterating these legitimate purposes. See In re Grand Jury Subpoena Served Upon Doe, 781 F.2d 238 (2d Cir.1985) (en banc), cert. denied, --- U.S. ----, 106 S.Ct. 1515, 89 L.Ed.2d 914 (1986) (government not required to make preliminary showing of need prior to enforcement of grand jury subpoena served on attorney whose client is the unindicted target of grand jury investigation). The burden rested on Cheetham to establish that the information sought fell within the attorney-client privilege. She failed her burden, and cannot now escape her duty to testify by arguing that the Government should have previously filed a formal statement of need and relevancy. See In re Grand Jury Proceedings, 721 F.2d 1221, 1223 (9th Cir.1983).
 
 
 12
 III. CONCLUSION.
 
 
 13
 For the reasons stated above, we affirm the district court's denial of Cheetham's motion to quash a subpoena requiring her testimony before a grand jury.
 
 
 
 [1]
 The Honorable William L. Hungate, United States District Court for the Eastern District of Missouri
 
 
 [2]
 To protect the confidentiality of the grand jury proceeding, we refer to the target of the jury investigation by a fictitious name
 
 
 [3]
 Cheetham was ordered to answer these specific questions:
 
 
 [1]
 Do you know John Doe?
 
 
 [2]
 When did you first meet him?
 
 
 [3]
 How many times have you met with him in person?
 
 
 [4]
 Would you recognize him if you saw him again?
 
 
 [5]
 Did you (or someone from your office) prepare Exhibits 1-5 [the INS documents] at his request?
 
 
 [6]
 Is the photograph on Exhibits 1 and 2 a true likeness of John Doe?
 
 
 [7]
 Did you witness John Doe sign his name on Exhibits 1-5?
 
 
 [8]
 If not, do you know who, if anyone, witnessed the signature?
 
 
 [4]
 Cheetham seeks to invoke the Texas statutory attorney-client privilege as controlling in this action. The "Texas Rule" provides that "[a]n attorney shall not disclose * * * any other facts which came into knowledge of such attorney by reason of such relationship." Texas Code of Crim.P. Art. 38.10. However, questions of privilege are governed by the common law as interpreted by federal courts in the absence of a relevant Supreme Court rule, federal statute, or constitutional provision. In re Berkley & Co., Inc., 629 F.2d 548, 552 n. 8 (1980); Fed.R.Evid. 501. We therefore apply the common law rule in this action, and not the Texas Rule