**UNITED STATES of America, Appellee,**

v.

**Lloyd E. HUMPHREYS, Appellant.**

**No. 91–3812.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1992.

Decided Dec. 7, 1992.

Rehearing Denied Jan. 21, 1993.

256

Alvin E. Entin, Miami, FL, argued, for appellant.

Rodger E. Overholser, Asst. U.S. Atty., Cedar Rapids, IA, argued, for appellee.

Before FAGG and BOWMAN, Circuit Judges, and LARSON,* Senior District Judge.

LARSON, Senior District Judge.

Lloyd E. Humphreys appeals from his conviction by jury trial on four counts of income tax evasion and one count of filing a false income tax return. In addition, Humphreys appeals from the district court's [1] denial of his motions for a new trial, to suppress evidence, and to sever and transfer his case to Texas. We affirm the judgment of the district court in all respects.

## I.

Lloyd E. Humphreys is an attorney who practiced law in Cedar Rapids, Iowa. Humphreys was indicted on three counts of tax evasion (counts 1, 2, and 3) for the tax years 1983, 1984, and 1985. Humphreys failed to report numerous legal fees which he received in either trade or undeposited cash during those tax years. He also failed to report additional fees which were run through an unreported escrow account. Humphreys's defense to the charges was that he relied in good faith upon his accountant/tax preparer. However, testimony revealed that Humphreys failed to inform the accountant of the cash receipts and the currency receipt books which were kept, or of the existence of the escrow account.

A superseding indictment added two more counts of tax evasion (counts 4 and 5) for the tax years 1988 and 1989. Humphreys assisted in the formation of a corporation in 1981. In addition to several questionable practices which have no bearing on this matter, Humphreys received 25% of the stock issued by the corporation in exchange for legal advice. At various times Humphreys loaned the corporation money and guaranteed three SBA loans. All loans were paid in full, with interest. In 1988, Humphreys agreed to sell his stock in the corporation, and received a down payment of $10,000.00. Thereafter, throughout 1988 and 1989, Humphreys received monthly payments of principal plus interest. Humphreys did not report the downpayment or the principal payments and did not inform his accountant of the stock sale. While Humphreys did report the interest payments, under the false premise that he had a basis in the stock, he did not provide his accountant with any information regarding the claimed basis.

Humphreys filed a motion to suppress evidence seized from his law office under a search warrant. An evidentiary hearing was held and the motion was denied. Humphreys's motion to sever and transfer counts 4 and 5 was also denied. At the close of the evidence Humphreys moved for acquittal, based upon insufficiency of the evidence. The district court ruled that the evidence was insufficient to support a conviction of tax evasion under count 3 (26 U.S.C. § 7201), and replaced the count with the lesser included offense of misdemeanor filing of a false return (26 U.S.C. § 7207).

## II.

### A. Suppression of Evidence

Humphreys's motion to suppress evidence stems from a search of his law office, conducted pursuant to two search warrants authorized by a United States magistrate. Humphreys alleges that the district court erred in its denial of the motion because: 1) the affidavits in support of the search warrants failed to support a finding of probable cause and, more specifically, failed to allege anything more than a *de minimis* omission of income; 2) the reliability of certain informants was not established and, moreover, the affidavits contained material omissions and false and

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable David R. Hansen was a United States District Judge for the Northern District of Iowa at the time judgment was entered. He was appointed to the United States Court of Appeals for the Eighth Circuit on November 18, 1991.

misleading statements; and 3) privileged attorney-client documents were seized in the search. We review the court's rulings on the motion to suppress under the clearly erroneous standard. *United States v. Johnson,* 925 F.2d 1115 (8th Cir.1991); *United States v. McGlynn,* 671 F.2d 1140 (8th Cir.1982).

■ The magistrate issuing the search warrants was required to find that there was probable cause that Humphreys was willfully attempting to evade the payment of taxes by understating his income. The applicable standard of probable cause has been set forth by the Supreme Court: "[I]t is clear that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." *Illinois v. Gates,* 462 U.S. 213, 235, 103 S.Ct. 2317, 2330, 76 L.Ed.2d 527 (1983) (citation omitted). The Court further stated:

> The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to insure that the magistrate had a "substantial basis ... for conclud[ing]" that probable cause existed.

*Illinois v. Gates,* 462 U.S. at 238, 103 S.Ct. at 2332 (quoting *Jones v. United States,* 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960)). Here, the affidavits clearly demonstrated that Humphreys was not reporting all cash income. The affidavits showed that cash receipts from clients were not being deposited to Humphreys's business account, that his tax preparer relied solely upon the deposit records, and that former employees were instructed by

Humphreys to give him all cash, which he then placed in his desk or in a safe. Certainly the magistrate, and ultimately the district court, had a substantial basis for making the practical, common sense decision, based upon a totality of circumstances, that probable cause existed. *See United States v. Peterson,* 867 F.2d 1110, 1113 (8th Cir.1989).

■ Humphreys's assertion that the affidavits are deficient unless they state a specific, "substantial" amount of tax deficiency is simply unsupported. The essence of the inquiry was whether there was tax due and whether Humphreys willfully attempted to evade the tax. Where the affidavits made the clear connection between the existence of the unexplained funds and the allegations of underreporting (citing the applicable criminal statute), we hold that sufficient facts were set forth to establish the probability of criminal activity.

■ This court need not engage in a searching, lengthy review of the statements of the various informants and affiants. The magistrate below permitted an extensive hearing on the issues raised under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).[2] The magistrate then penned a comprehensive and detailed Report and Recommendation, addressing each and every one of Humphreys's allegations of false and misleading statements, and omissions of fact, and concluding that Humphreys's allegations were insufficient to support a *Franks* challenge. Having carefully reviewed the magistrate's recommendations, we are satisfied that the district court's denial of Humphreys's motion was not clearly erroneous. None of Humphreys's allegations cast doubt upon the existence of probable cause. Humphreys fails to understand that, while *he* may believe that the informants lacked

---

**2.** In order to prevail on a challenge to a warrant affidavit under *Franks v. Delaware, supra,* a defendant must show: 1) that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit, and 2) that the affidavit's remaining content is insufficient to establish probable cause. The same analysis applies to omissions of fact. The defendant must show: 1) that facts

were omitted with the intent to make, or in reckless disregard of whether they thereby make, the affidavit misleading, and 2) that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause. *United States v. Lueth,* 807 F.2d 719, 726 (8th Cir.1986); *United States v. Reivich,* 793 F.2d 957, 960 (8th Cir.1986).

credibility, where the informants' information is at least partially corroborated, attacks upon credibility and reliability are not crucial to the finding of probable cause. *See United States v. Flagg,* 919 F.2d 499 (8th Cir.1990); *United States v. Parker,* 836 F.2d 1080 (8th Cir.1987).

■ Shortly after the commencement of the search of Humphreys's law office, IRS agents were informed of the presence and location of attorney-client privileged files pertaining to this case. Humphreys alleges that these very files were taken, pillaged, and ultimately used against him. The burden is clearly upon Humphreys to demonstrate that he was prejudiced by the alleged actions of the IRS. *See United States v. Morrison,* 449 U.S. 361, 365, 101 S.Ct. 665, 668, 66 L.Ed.2d 564 (1981); *Weatherford v. Bursey,* 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). Humphreys is required to show which documents were privileged, *cf. In re Grand Jury Proceedings,* 791 F.2d 663, 666 (8th Cir.1986) (in which the burden rested upon individual subpoenaed by grand jury to establish that information sought fell within attorney-client privilege), and the illegality of the manner in which they were allegedly obtained. Here, Humphreys provided nothing more than speculation and contradictory statements. No files or documents were produced for the review of the district court, and no objection was made during the trial on the grounds that evidence introduced was illegally obtained. Even if the search was overbroad in its scope, no showing of its effect upon the prosecution has been made. Humphreys has not demonstrated that he was prejudiced.

**B. Severance**

■ Humphreys launches a two pronged argument in support of his contention that the district court erred in denying his motion for severance of counts 4 and 5 from counts 1, 2, and 3 under Rule 14 of the Federal Rules of Criminal Procedure. First, Humphreys urges that the documents, witnesses, and proof supporting counts 4 and 5 are totally different from those supporting 1, 2, and 3. Second,

Humphreys argues that his right to a fair trial has been abridged because of the "spillover effect" of the evidence pertaining to the first three counts onto the latter two counts. Under the explicit language of Rule 14, Humphreys must demonstrate prejudice from the joinder of the counts. *United States v. Adkins,* 842 F.2d 210 (8th Cir.1988); *United States v. Starr,* 584 F.2d 235 (8th Cir.1978) (stating that the burden is a heavy one). Bearing in mind that joinder of all offenses against a defendant is a favored practice, we will not reverse the district court's refusal to grant severance absent a clear abuse of discretion. *United States v. Dennis,* 625 F.2d 782, 801–802 (8th Cir.1980).

■ While, according to Humphreys, the dissimilarities in the two "sets" of evidence are legion (time, geographical location, business entities, tax preparers, type and complexity of transactions), the similarities carry the day. The type of offense (tax evasion through underreporting) is the same. Indeed, the method of committing the offense (failing to inform the tax preparer of income generated, whether from legal fees or stock sales) is the same. *United States v. Lindsey,* 782 F.2d 116 (8th Cir.1986) (stating that the crimes need only be similar or nearly corresponding in nature). Most persuasive is the fact that the evidence in each set of counts is mutually admissible to show Humphreys's motive, intent, and pattern of criminal behavior, and to negate Humphreys's defenses. *See* Fed.R.Evid. 404(b). Where evidence of one crime would be admissible at a separate trial for another crime, a joint trial does not engender additional prejudice. *United States v. Dennis,* 625 F.2d at 802.

■ We completely dismiss the notion that the "spillover effect" fatally prejudiced Humphreys's case. The sheer volume of the evidence compiled in support of counts 1, 2, and 3 was substantially greater, due to the nature of the transactions. However, the fact that Humphreys may have had a better chance for acquittal in separate trials is not a sound basis for severance. *United States v. Brim,* 630 F.2d 1307 (8th Cir.1980), *cert. denied,* 452

U.S. 966, 101 S.Ct. 3121, 69 L.Ed.2d 980 (1981); *United States v. Dennis,* 625 F.2d 782 (8th Cir.1980). The stock sale was not a complex transaction, beyond the jury's ability to decipher and compartmentalize the evidence.

## C. Venue

■■■■ Humphreys's original motion to sever and transfer this case to Texas included all five counts and was based upon his belief that the United States Attorney had a "vendetta" against him and that pretrial publicity reduced his ability to receive an impartial trial. Humphreys's renewed motion to sever and transfer invoked for the first time the right to transfer under 18 U.S.C. § 3237(b).[3] The district court denied the renewed motion because: 1) it was untimely, and 2) § 3237(b) applies only where venue is based on mailing. We find no error in the district court's ruling. An untimely motion may be denied at the lower court's discretion. A belated attempt to bootstrap the argument to an earlier, unsuccessful, and clearly different argument does not save the motion from its demise.

■■■■ Venue in this instance was not based *solely* on a mailing to the IRS, but upon the *commission* of the crime in the Northern District of Iowa. The indictment plainly charges that Humphreys committed the offenses "by preparing and causing to be prepared and by signing and causing to be signed," false tax returns. Humphreys made a conscious choice, through his volitional acts, to have contact with the district. He presented the tax information and records to his tax preparers in Iowa, and he instructed that the returns be prepared in Iowa. Humphreys's mailing of the returns from his new home in Texas is of no import to this inquiry. Much ado has been made by both parties of the meaning and legislative history of § 3237(b). However, the plain language of the *entire* statute mandates the conclusion that the provisions of subsection (b) were not intended to apply to this situation. *See Burlington Northern R.R. Co. v. Oklahoma Tax Comm'n,* 481 U.S. 454, 107 S.Ct. 1855, 95 L.Ed.2d 404 (1987) (where statutory terms are unambiguous, judicial inquiry is complete). Granting a *de facto* severance where a defendant has clearly committed the continuing tax evasion crime in a given district, and venue is not based *solely* upon the mailing of a completed tax return, is not the result intended.[4]

Humphreys cannot complain of undue burden or inconvenience. All of the evidence and witnesses, save Humphreys himself, were in Iowa, the income was generated and deposited at least in part in Iowa, and the tax returns were prepared in Iowa. Moreover, Humphreys was required to be in Iowa for the prosecution of counts 1, 2, and 3.

## D. Juror Disqualification

■■■■ At trial, the court's voir dire questioning revealed that one of the jurors had been convicted thirty-one years earlier on an embezzlement charge. Subsequent to entry of the verdict, Humphreys discovered that the juror's civil rights had not been

---

3. Title 18, U.S.C., § 3237, states:
   § 3237. Offenses begun in one district and completed in another.
   (a) Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.
       *    *    *    *    *    *
   (b) Notwithstanding subsection (a), ... *where venue* for prosecution of an offense described in section 7201 ... *is based solely on a mailing* to the Internal Revenue Service, and prosecution is begun in a judicial district other than the judicial district in which the defendant resides, he may upon motion filed in the district in which the prosecution is begun, elect to be tried in the district in which he was residing at the time the alleged offense was committed: *Provided,* That the motion is filed within twenty days after arraignment of the defendant upon indictment or information. (Emphasis supplied.)

4. The only case cited to this court which discusses § 3237(b) subsequent to its 1984 amendment (Tax Reform Act of 1984, Pub.L. No. 98–369, 98 Stat. 697) is *United States v. Melvan,* 676 F.Supp. 997 (C.D.Cal.1987). See *United States v. Marchant,* 774 F.2d 888 (8th Cir.1985), *cert. denied,* 475 U.S. 1012, 106 S.Ct. 1190, 89 L.Ed.2d 305 (1986), for a pre-amendment decision.

restored. Humphreys then brought a motion for a new trial, claiming statutory disqualification of the juror. A hearing was held at which the juror testified. It is abundantly clear from the record that the juror was operating under a good faith belief that he was at all times a qualified juror, and that he did not fear retaliation from the government if he voted for acquittal. Humphreys's claims to the contrary are, at best, disingenuous.

▮▮▮▮ Failure to have one of the juror qualifications set forth at 28 U.S.C. § 1865(b) should not necessarily render an individual fundamentally unfit to serve. Rather, it should serve as a basis for challenge to the person's qualifications.[5] We are in agreement with the recent holding of the District of Columbia Circuit Court of Appeals, in which the court stated:

> The Sixth Amendment right to an impartial jury does not require an absolute bar on felon-jurors. The touchstone of the guarantee of an impartial jury is protection against juror bias. A per se rule would be appropriate only if one could reasonably conclude that felons are always biased against one party or another. Congress' purpose in restricting, in 28 USC 1865–67, jury service by felons seems to stem from considerations other than a concern about biased jurors. More important, a per se rule in this context seems inconsistent with the hostility expressed in *McDonough Power Equipment Inc. v. Greenwood*, 464 U.S. 548 [, 104 S.Ct. 845, 78 L.Ed.2d 663] (1984), to unnecessary new trials and to the axiom that a defendant is entitled to a fair trial but not a perfect one. We think, therefore, that the Sixth Amend-

ment does not require automatic reversal of every conviction reached by a jury that included a felon.

*United States v. Boney*, 977 F.2d 624 (D.C.Cir.1992).

▮▮▮▮ It is the defendant's duty to investigate, to question, and to assert a challenge *prior* to the return of the verdict. If actual bias or prejudice is revealed, an obvious challenge for cause is timely presented. If not, the court may still determine the necessity of taking remedial action, such as the seating of an alternate juror. In an effort to obtain a new trial, it is incumbent upon the defendant to clearly demonstrate that the juror's lack of qualifications presented actual bias or prejudice, affecting the juror's impartiality and impacting the fairness of the trial.[6] A challenge after the verdict without such a showing comes too late.[7]

▮▮▮ Humphreys's challenge fails in both respects. Humphreys did not pursue any questioning of the juror on voir dire. Nor did he further investigate or raise any challenge during trial. Having failed to diligently and timely discover the relevant information, he is precluded from being heard on the issue of juror qualification. At the conclusion of the hearing on Humphreys's motion, the district court specifically found that there was no evidence of either bias or unfairness as a result of the seating of this juror. This conclusion is not clearly erroneous and we have no inclination to set it aside. *See United States v. Miscellaneous Firearms & Ammunition*, 945 F.2d 239 (8th Cir.1991). The court did not abuse its discretion in refusing to grant Humphreys's motion for a new trial.

---

**5.** *See Ford v. United States*, 201 F.2d 300 (5th Cir.1953).

**6.** In those cases addressing a challenge for cause based upon bias or prejudice, the Court has stated:

> To obtain a new trial ... a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for challenge for cause. The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of the trial.
>
> *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984).

**7.** See *Shotwell Manufacturing Co. v. United States*, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963), where an objection to the petit jury array brought four years after the verdict was returned was not timely, the relevant information was available before entry of the verdict through due diligence, and no prejudice was shown.

### E. Lesser Included Offense

 Much to the benefit of Humphreys, the district court reduced the charge on count 3 from tax evasion to the lesser included offense of filing of a false return. The court ruled, and Humphreys agreed, under *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965), that 26 U.S.C. § 7207 is a lesser included offense of 26 U.S.C. § 7201. Humphreys received adequate notice of the possibility of conviction on the lesser charge when he was charged with the greater offense. *See Schmuck v. United States*, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989).

### F. Jury Instructions

Humphreys raises objections to those jury instructions regarding intent and wilfulness. We have reviewed the jury charge as a whole, and we hold that the instructions fairly and adequately instruct the jury as to the substantive law in this matter. *United States v. Cheatham*, 899 F.2d 747, 751 (8th Cir.1990) (stating that a defendant is not entitled to a particularly worded instruction where the instructions given, when viewed as a whole, adequately and correctly cover the substance of the requested instruction). The district court has wide discretion in the formulation of jury instructions, *United States v. Walker*, 817 F.2d 461 (8th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 134 (1987), and we hold that it did not abuse that discretion in this matter.

### III.

For the foregoing reasons, the judgment of the district court is affirmed.