**UNITED STATES of America, Plaintiff,**

v.

**Mark L. NATHANSON, Defendant.**

**No. CR. S–92–215 LKK.**

United States District Court,
E.D. California.

Feb. 19, 1993.

---

Bradford C. Lewis, Asst. U.S. Atty., Sacramento, CA, for plaintiff.

Stephen J. Braga, Miller, Cassidy, Larocca & Lewin, Washington, DC, Robert H. Lantz, Hefner, Stark & Marois, Sacramento, CA, for defendant.

1. In Count Six, the defendant is charged with subscribing to a tax return that failed to report as income certain bribe or extortion payments that he received as alleged in racketeering acts three and four of Count One, and Counts Two and Three. Count Eight similarly charges the defendant with subscribing to a tax return that failed to report as income certain payments that

## ORDER

KARLTON, Chief Judge Emeritus.

The United States has obtained a superseding indictment against Mark L. Nathanson in some eight counts. The defendant, a former California Coastal Commissioner, is charged with racketeering, conspiracy to commit extortion, extortion, conspiracy to obstruct justice, obstruction of justice, and subscribing to false tax returns. The racketeering count charges the defendant with illegally using his position as a Coastal Commissioner to obtain bribes and extort payment to himself and others.

In Counts Six and Eight, the defendant is charged with subscribing to false tax returns. These counts correspond to various bribe and extortion payments the Government has alleged the defendant received in the preceding counts.[1]

The defendant has moved to sever Counts Six and Eight and to transfer them for trial to the Central District of California. For the reasons explained below, I conclude that under the compulsion of statute, I am required to grant the defendant's motion.[2]

Section 3237(b) of Title 18, United States Code, provides in pertinent part:

[W]here venue for prosecution of an offense described in section 7201 or 7206(1), (2), or (5) of [the Internal Revenue] Code ... is based solely on a mailing to the Internal Revenue Service, and prosecution is begun in a judicial district other than the judicial district in which the defendant resides, he may upon motion filed in the district in which the prosecution is begun, elect to be tried in the district in which he was residing at the time the alleged offense was committed: *Provided*, That the motion is filed within twenty days after arraignment of

he received either as bribes or extortion which constitutes racketeering act ten of Count One.

2. The court wishes to acknowledge that the clear and comprehensive brief provided by defendant on the issues discussed in the text has immeasurably aided in the disposition of this matter.

the defendant upon indictment or information.

Defendant notes that Counts Six and Eight fall within the purview of the statute. He claims that as to those counts, venue in this district is premised solely on his mailing his returns to Fresno, California, and thus argues that the plain terms of the statute require transfer.

The Government does not deny that initially venue for these counts was premised upon the defendant's mailing to the Internal Revenue Service's Fresno Service Center.[3] It maintains, however, that by virtue of Federal Rule of Criminal Procedure 8(a), the mailing to Fresno was not the sole basis for venue in this district and that in any event, where tax counts are properly joined with other criminal counts venued in this district, severance and transfer is not required.[4] I examine each argument seriatim.

■ The Government's first argument is that because these tax counts are properly joined under Rule 8(a) with the racketeering and extortion counts, venue is not premised "solely" upon the fact that the return was mailed to this district.[5] The Government's argument is unpersuasive.

The issue that is before the court is a matter of venue, not joinder. The fact that counts may be joined pursuant to Rule 8(a) does not address whether such counts may be tried in the court in which the indictment has been returned. The premise of the Government's argument is that joinder trumps venue. The argument cannot prevail because although joinder is governed by the federal rules, venue in criminal cases is colored by the Constitution.

■ The Constitution provides that a defendant has a right to stand trial in the district in which the crime was allegedly committed, U.S. Const. amend. VI. For that reason, determinations of venue must be made as to each count in the indictment. See *United States v. Hirschfeld*, 964 F.2d 318, 321 (4th Cir.1992), *cert. denied*, — U.S. ——, 113 S.Ct. 1067, 122 L.Ed.2d 371 (1993); *United States v. Feola*, 651 F.Supp. 1068, 1125–26 (S.D.N.Y.1987), *aff'd* 875 F.2d 857 (2d Cir.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *United States v. DeFabritus*, 605 F.Supp. 1538, 1543–44 (S.D.N.Y.1985). *See generally*, 8 James W. Moore, et al., Moore's Federal Practice ¶ 8.05[1] at 8–17 (2d ed. 1989). Since venue is determined on a count-by-count basis, the fact that the rules permit joinder is not dispositive of the effect of a statute, such as the one at bar which specifies venue as to a particular offense. The language of section 3237(b), "venue for prosecution of an offense described in 7206(1)," focuses on the particular offense, rather than on prosecutions in general. By its terms, the statute overrides the joinder provisions of the rules.

I conclude that the fact that the tax offenses may properly be joined with the racketeering and extortion offenses is irrelevant to the issue of whether after motion they may be tried in this district. Nothing in the rules governing joinder precludes the severing of the tax counts in an indictment which joins them to other counts where Congress has permitted transfer of the tax counts to the defendant's home district.

The Government's second argument, relying on *United States v. Melvan*, 676

---

**3.** 18 U.S.C. § 3237(a) provides that the offense of subscribing to a false tax return MAY be prosecuted "in any district from, through, or into which such ... mail matter ... moves." See *United States v. Shyres*, 898 F.2d 647, 657 (8th Cir.), *cert. denied*, 498 U.S. 821, 111 S.Ct. 69, 112 L.Ed.2d 43 (1990) (in prosecution for false tax returns, venue lies in any district in which a false tax return was made and subscribed or filed); *United States v. Marrinson*, 832 F.2d 1465, 1475 (7th Cir.1987) (same).

**4.** At one time, the Government argued that the motion was untimely. That argument has been

mooted by the filing of a superseding indictment.

**5.** The Rule provides: "Two or more offenses may be charged in the same indictment ... if the offenses charged ... are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed.R.Crim.P. 8(a). Defendant has not suggested that these counts are improperly joined.

F.Supp. 997 (C.D.Cal.1987), is that 18 U.S.C. § 3237(b) applies only when the indictment returns counts falling exclusively within the specified Internal Revenue Code provisions. It argues that the statute is irrelevant to cases in which the indictment covers both Internal Revenue Code violations and other criminal conduct. I cannot agree.

*Melvan* traces the history of section 3237(b), and notes that before 1984, the fact that tax counts were properly joined to nontax counts venued in a particular district was irrelevant to the question of whether the defendant had a right to sever and transfer. *Id.* at 999–1000. Considering a portion of the legislative history, the court concluded that a 1984 amendment to the statute may have effected a change permitting "venue outside the home district of a defendant in 'multiple defendant cases or cases where venue for non-tax charges is established in a district other than the place of residence.' " *Melvan,* 676 F.Supp. at 1002, *quoting* 1984 U.S.Code Cong. & Ad.News 1690–91. I cannot agree.

I begin by noting that *Melvan* is dicta on the issue of joinder of tax and non-tax counts. As the opinion itself notes, "the government does not rely on the receipt of a tax return in any fashion to establish venue ... in the Central District. The new statute therefore does not apply to *Melvan*'s situation...." *Id.* Because *Melvan* was dicta, Judge Rafeedie had no occasion to consider the appropriate means of resolving the issue which was not before him, but is tendered to this court. I now turn to that task.

■ The statute, by its plain terms, provides defendants with an absolute right to transfer tax offenses to their home district. As I have previously explained, in the absence of binding authority, the first step of statutory examination is the language of the statute. If it is clear, no further construction is required. *Tello v. McMahon,* 677 F.Supp. 1436, 1441 (E.D.Cal.1988). The language of the statute before the court is clear, unambiguous and mandatory. It would appear to foreclose further consideration. *See United States v. Humphreys,* 982 F.2d 254, 260 (8th Cir.1992) (because the language of § 3237(b) is plain, resort to legislative history is inappropriate). Nevertheless, the Government, noting that Judge Rafeedie considered legislative history, urges this court to do the same and to reach a result contrary to the language's plain meaning.

I have previously noted that "the plain meaning rule does not prohibit resort to legislative history." *Tello v. McMahon,* 677 F.Supp. at 1441, *citing Watt v. Alaska,* 451 U.S. 259, 266, 101 S.Ct. 1673, 1678, 68 L.Ed.2d 80 (1981). Nonetheless, as I also explained, such a review is limited to determining "whether there is [a] 'clearly expressed legislative intention' contrary to the plain language of the statute." *Id.,* *quoting INS v. Cardoza–Fonseca,* 480 U.S. 421, 432 n. 12, 107 S.Ct. 1207, 1214 n. 12, 94 L.Ed.2d 434 (1987). "Very strong evidence, if not explicit language, from the legislative history is necessary to overcome the plain meaning naturally to be drawn from the language of the statute." *Id.,* *citing In re Seidel,* 752 F.2d 1382, 1385 (9th Cir.1985). Under these very stringent standards, I cannot agree that the legislative history permits departure from the plain words of the statute.

As Judge Rafeedie noted, a portion of the House Report on the 1984 amendment may support the notion that the statute did not require transfer when a tax count was joined with other properly venued charges.[6]

---

6. The House Report read in part: " 'where venue for non-tax charges is established in a district other than the [defendant's] place of residence or business.... [t]he conferees do not intend to restrict the Service and the Department['s bringing a prosecution in other than the defendant's home district].' " *United States v. Melvan,* 676 F.Supp. at 1001 (quoting 1984 U.S.Code Cong. & Admin.News 1690, 1691). The language is such that it is unclear as to whether the House was referring to what it understood to be present law, or whether it was speaking to the effect of the amendment. If the former is the case, it is clear the report is in error. *United States v. United States District Court for the Southern District of California,* 693 F.2d 68 (9th Cir.1982). Moreover, to the extent that it was intended to reflect the intent of the Congress which originally adopted the section, the House Report has little or no persuasive weight. *See Consumer*

The cited portion of history is not persuasive, however, given the limited character of the 1984 amendment which did not address joinder questions at all, but rather substituted the phrase "based solely on a mailing to the Internal Revenue Service," for the phrase "use of the mails." Act of 1984, Pub.L. No. 98–369, 98 Stat. 697 (1984).

As Judge Rafeedie noted, *Melvan,* 676 F.Supp. at 1001, the purpose of the 1984 amendment, as described by the very same conference report, was to resolve a conflict between the circuits concerning whether an Internal Revenue related mailing to a district other than the district of prosecution was sufficient to give rise to a transfer of venue when independent acts of tax evasion in the district of prosecution otherwise supported venue over the tax offense in that district. *Compare United States v. United States District Court for the Southern District of California,* 693 F.2d 68 (9th Cir.1982) *with In re United States (Clemente),* 608 F.2d 76 (2d Cir.1979), *cert. denied,* 446 U.S. 908, 100 S.Ct. 1834, 64 L.Ed.2d 260 (1980). For this reason, the language adopted by Congress in 1984 related solely to the nature of the mailing giving rise to a right of transfer. Resolution of the intercircuit dispute and thus the language Congress employed relative to its resolution was, and is, irrelevant to the question of whether a trial of the tax counts may be had in a district other than the defendant's home district when they are joined with non-tax counts properly venued in the district of prosecution. Accordingly, the 1984 amendment is irrelevant to the issue tendered to this court, and I am bound by the previous law of the Ninth Circuit which requires transfer. *United States District Court,* 693 F.2d 68 (9th Cir.1982).

Moreover, an examination of the context in which the snippet of legislative history exists, suggests it carries less than persuasive authority. The amendment to section 3237 was part of the Deficit Reduction Act, a bill reported from the Senate Committee

on Finance that "[was] some 1,300 pages long [and] would take the better part of two days to read." 130 Cong.Rec. S8366 (daily ed. April 9, 1984) (statement of Senator Dole). The defendant has supplied this court with the pertinent portions of both the Senate Finance Committee's April 2, 1984 Report and the Senate Judiciary Committee's September 14, 1983 Report on section 3237, as well as the remarks of Senator Dole, the amendment's sponsor, upon its proposal to the Senate. *See* 130 Cong. Rec. S8393 (daily ed. April 9, 1984); 3 U.S.Code Cong. & Ad.News 1690–91. Each of these pieces of the legislative history focuses upon the need to resolve the division in the courts of appeal, and none make any reference to a desire to change the established law requiring severance and transfer. Under these circumstances, the legislative history cited by the Government "is far from authoritative as an expression of congressional will." *Consumer Products Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 119–20, 100 S.Ct. 2051, 2061, 64 L.Ed.2d 766 (1980); *see also West Virginia Hospitals, Inc. v. Casey,* — U.S. —, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991); *United States v. American College of Physicians,* 475 U.S. 834, 106 S.Ct. 1591, 89 L.Ed.2d 841 (1986). For all these reasons, the court does not believe that the legislative history relied upon in dicta in *Melvan* constitutes the "extraordinary showing" required to justify a departure from the language of the statute. *United States v. Albertini,* 472 U.S. 675, 680, 105 S.Ct. 2897, 2902, 86 L.Ed.2d 536 (1985) (quoting *Garcia v. United States,* 469 U.S. 70, 75, 105 S.Ct. 479, 483, 83 L.Ed.2d 472 (1984)).

Finally, the Government, as did Judge Rafeedie, makes much of the asserted cost and complexity resulting from division and transfer. It hardly appears necessary to remind the Government that when "Congress' intent is ... plain ... policy arguments ... must be addressed to the body that has the authority to amend the legislation, rather than one whose authority is

---

*Products Safety Commission v. GTE Sylviania, Inc.,* 447 U.S. 102, 118 n. 13, 100 S.Ct. 2051, 2061 n. 13, 64 L.Ed.2d 766 (1980). *See also Slaven v.*

*BP America, Inc.,* 973 F.2d 1468, 1475 (9th Cir. 1992).

limited to interpreting it." *Laborers Health & Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Co., Inc.*, 484 U.S. 539, 550, 108 S.Ct. 830, 837, 98 L.Ed.2d 936 (1988).

Because nothing in the legislative history renders the language used by the Congress in the statute ambiguous, and because there is insufficient evidence in the legislative history to demonstrate that Congress intended a result contrary to the language employed, I believe myself bound by the previous law of the circuit and I conclude that Counts Six and Eight must be transferred to the Central District.[7]

IT IS SO ORDERED.

---

**7.** Because there is pending before the court a motion to transfer pursuant to Federal Rule of Civil Procedure 21, the court does not presently order the severance and transfer of those counts.