**·In re: GREEN GRAND JURY PROCEEDINGS**

United States District Court,
D. Minnesota.

Dec. 6, 2005.

---

## ORDER

ROSENBAUM, Chief Judge.

The United States seeks an Order to compel testimony before the Grand Jury. On November 10, 2005, the Grand Jury subpoenaed an attorney-witness and inquired into conversations with one of his clients. The client is a target of the Grand Jury's investigation. The attorney-witness has declined to answer the questions, citing the attorney-client privilege. The United States asks the Court to find the conversations beyond the ambit of the privilege.

The Court held an in camera hearing concerning the matter on the same date. The hearing was attended by John F. Docherty, Assistant United States Attorney, Daniel M. Scott, representing the client-target, and the attorney-witness. Mr. Scott advised the Court that his client— the attorney-witness's former client—declines to waive his attorney-client privilege.[1]

### I. Background

While serving as privately retained counsel, the attorney-witness represented the client-target in a civil lawsuit. The client did not prevail in his lawsuit. * * *[2]

The grand jury is examining whether the attorney-witness's client accepted ille-

---

1. The Assistant United States Attorney explicitly denied any claim that the attorney-witness's conversations fell within the attorney-client privilege's crime-fraud exception.

2. This portion of the Opinion has been filed under seal, having only been disclosed to the attorney-witness.

gal gratuities. The grand jury's questioning has established that the attorney-witness represented his client in the civil lawsuit. He was then asked about conversations with his client concerning certain funds the client may have received. The attorney-witness responded to some questions, but invoked the attorney-client privilege as to others. The government asks the Court to compel the witness to answer the Grand Jury's questions.

After discussion with the parties, the Court accepted briefs on the question. With the consent of all parties, the Court spoke with the attorney-witness in camera,[3] at which time the attorney-witness advised the Court concerning the nature of the conversations in question. For the reasons set forth below, the Court finds these matters are not within the attorney-client privilege, and grants the government's motion.

II. *Discussion*

■ "[T]he privilege of a witness ... [is] governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." Fed.R.Evid. 501. The federal common law of attorney-client privilege protects the confidential disclosures of a client to his attorney for the purpose of obtaining legal representation. *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976).

Minnesota Rule of Professional Conduct 1.6 appears on its face to be broader than the attorney-client privilege, protecting any information "that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client." The Eighth Circuit Court of Appeals, however, has held that "Congress cannot have

intended to allow local rules of professional ethics to carve out fifty different privileged exemptions to [federal law]." *United States v. Sindel*, 53 F.3d 874, 876 (8th Cir.1995) (Missouri Rule of Professional Conduct 1.6 does not expand the scope of an IRS reporting requirement beyond the federal common law of attorney-client privilege). The Court also recognizes that the Minnesota Rules of Professional Conduct allow attorneys to reveal a client's confidence or secret when required by court order. Minn. R. Prof. Conduct 1.6(b)(2).

■ The attorney-client privilege encourages clients to make full disclosure to their attorneys. *In re BankAmerica Corp. Securities Litigation*, 270 F.3d 639, 641 (8th Cir.2001). In doing so, however, the privilege may result in withholding relevant information from a grand jury. Accordingly, the Court must only apply the privilege when necessary to achieve its purpose. *Fisher*, 425 U.S. at 403, 96 S.Ct. 1569.

■ The privilege attaches only to those confidential communications which are necessary for the client to obtain informed legal representation. *Id.* Collateral information is not generally protected. The privilege does not normally attach to fee arrangements because the attorney's fees are not typically a part of the confidential attorney-client relationship. *In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d 238, 247–48 (8th Cir.1985). The client's identity falls outside the privilege for the same reasons. *In re Grand Jury Proceedings (85 Misc. 140)*, 791 F.2d 663, 665 (8th Cir.1986). Finally, the Eighth Circuit recognizes an exception to the general rule allowing inquiry into fee arrangements, where the questioning would necessarily disclose other confidential communications. *Sindel*, 53 F.3d at 876.

**3.** *See United States v. Sindel*, 53 F.3d 874, 876 (8th Cir.1995) (where a court reviewed testimony in camera, and based attorney-client privilege decisions upon information received).

▆ Here, the attorney-witness, and Mr. Scott, on behalf of his client, claim the grand jury's questions impinge on privileged attorney-client communications. * * *[4] After reviewing the in camera information provided by the attorney-witness and applying the legal principles of the attorney-client privilege to the facts in this case, the Court finds the Grand Jury's inquiries into the financial relationship between the attorney-witness and his client fall beyond the scope of the attorney-client privilege.

The Grand Jury's questions do not touch the ordinary communications necessary for an attorney to effectively represent the client. *See In re Grand Jury Subpoena Served Upon Doe,* 781 F.2d at 247–48. * * *[5] The communication being examined does not bear on the facts or the merits of the matter for which the legal representation was sought.

The attorney-witness is directed to answer questions pertaining to client communications touching these matters. At the same time, the Court recognizes its inability to foresee every question which may be put to the attorney-witness. Accordingly, the Court declines to direct him to answer every question which may be put to him. The Court will consider—but does not necessarily invite—further proceedings in this regard.

### III. *Conclusion*

For the foregoing reasons, the government's motion to compel answers is granted.

IT IS SO ORDERED.