# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-4023

_____

United States of America,

*Plaintiff - Appellee*,

v.

Richard Lee Cone,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: June 12, 2013
Filed: August 22, 2013
[Unpublished]

_____

Before COLLOTON, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Richard Lee Cone pleaded guilty to conspiracy to manufacture and distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846.  Before entering his plea, Cone requested a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to develop his claim that a report submitted with a search warrant

application omitted facts that would have affected the determination of probable cause. The district court[1] denied Cone's motion, and we affirm.

On October 24, 2010, Deputy John Zane of the Van Buren County Sheriff's Office observed a van twice change traffic lanes without signaling. Zane recognized the vehicle because he had seen it "numerous times" at Cone's home. Zane suspected Cone of producing and distributing marijuana. Zane stopped the van and obtained the license of the driver, Avery Hollrah. Zane noticed that Avery's eyes were watery, his pupils were large, and his driver's license smelled of marijuana. Zane also noticed a strong odor of marijuana coming from the van. A canine unit arrived on the scene and a police dog alerted officers to the presence of drugs. Officers searched the van and discovered between three quarters of a pound and one and one half pounds of marijuana. Kim Hollrah ("Hollrah"), a passenger in the vehicle and Avery's father, claimed responsibility for the drugs. Zane arrested Hollrah.

After speaking with a lawyer, Hollrah agreed to cooperate and named Cone as the source of the marijuana. In exchange for his cooperation, an assistant county attorney promised Hollrah favorable charging and sentencing recommendations, and agreed not to charge Hollrah's son Avery with driving while impaired. Zane questioned Hollrah, who admitted that he had seen other marijuana inside Cone's home. Zane drafted an affidavit that included this statement.

Hollrah expressed concern about including the statement that he had seen more marijuana in Cone's home. He explained that he believed he needed only to admit that the marijuana found in the van came from Cone to earn benefits for his cooperation. The assistant county attorney reassured Hollrah that he would not face additional charges as a result of his admission, and Zane offered Hollrah the chance

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

to speak again with his attorney. Hollrah ultimately signed the affidavit with the statement about seeing additional marijuana at Cone's home.

Zane applied for a search warrant for Cone's home and attached Hollrah's affidavit to the application, along with a report prepared by Zane. Zane's report stated that Hollrah had been told he would receive favorable charging and sentencing recommendations in exchange for his cooperation. A magistrate reviewed the search warrant application, concluded that there was probable cause to search Cone's home, and issued a warrant. Law enforcement officers executed the warrant at Cone's home, where agents discovered more than seven hundred pounds of marijuana and assorted drug paraphernalia.

A grand jury charged Cone and Hollrah with conspiracy to manufacture and distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846. Before trial, Cone filed an "Application for *Franks v. Delaware* Hearing for Order to Suppress Evidence." Cone argued that Zane's report intentionally or recklessly omitted that Zane had drafted Hollrah's affidavit, that Hollrah had been reluctant to include in his affidavit the statement about seeing additional marijuana at Cone's home, and that the government agreed not to charge Hollrah's son Avery with driving while impaired. If Zane's report had included these facts, Cone asserted, the search warrant application could not have supported a finding of probable cause.

The district court denied the motion. Cone then pleaded guilty, reserving the right to appeal the denial of his motion. The district court[2] sentenced Cone to serve 75 months' imprisonment, followed by four years of supervised release. Cone appeals the district court's refusal to order a hearing, and we review for abuse of discretion. *United States v. Gabrio*, 295 F.3d 880, 882 (8th Cir. 2002).

---

[2]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

The district court did not abuse its discretion by denying a *Franks* hearing. When a defendant alleges that an affidavit submitted in support of a search warrant application omitted facts, he bears the burden to make a substantial preliminary showing that "facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading," and that "the affidavit, if supplemented by the omitted information, could not support a finding of probable cause." *United States v. Reinholz*, 245 F.3d 765, 774 (8th Cir. 2001); *see also Franks*, 438 U.S. at 155-56. This standard is "not lightly met," *United States v. Wajda*, 810 F.2d 754, 759 (8th Cir. 1987), and Cone did not make an adequate showing.

Cone's principal argument on appeal is that the submission to the issuing magistrate should have reported that the government promised, in exchange for Hollrah's cooperation, that it would not charge Hollrah's son Avery with driving while impaired. He also fleetingly renews his argument that Zane's report should have included the fact that Zane physically wrote Hollrah's affidavit. He further suggests obliquely that Zane's report should have mentioned Hollrah's reluctance to include in his affidavit the admission about seeing additional marijuana at Cone's home.

The district court correctly concluded that the more fulsome affidavit desired by Cone would have supported a finding of probable cause. Officers seized a large quantity of marijuana from a van in which Hollrah was riding. Hollrah told the officers that he obtained the marijuana at Cone's home shortly before the traffic stop. Zane's report stated that he had seen the van at Cone's home on multiple occasions, thus lending some corroboration to Hollrah's account. These facts were enough to establish a fair probability that contraband or evidence of drug trafficking would be found in Cone's home. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983). Where an informant's information "is at least partially corroborated, attacks upon credibility and reliability are not crucial to the finding of probable cause." *United States v. Humphreys*, 982 F.2d 254, 258-59 (8th Cir. 1992).

That the affidavit omitted the promise of favorable treatment for Avery did not obscure a defect in the officer's probable-cause submission. Informants may be motivated to lie when charges are pending against them, *United States v. Ketzeback*, 358 F.3d 987, 991 (8th Cir. 2004), and we may assume that the prospect of charges against the child of an informant could have a similar effect. But we have "repeatedly rejected any blanket conclusion" that pending charges or cooperation with investigators make an informant's statements "so suspect that it necessarily vitiates probable cause." *Id.* The magistrate was informed that Hollrah received favorable consideration for his cooperation against Cone, and additional information about consideration for Avery would have been largely cumulative. That Hollrah was reluctant to include his admission about seeing additional marijuana at Cone's home also does not fatally undermine the credibility of the submission, for Hollrah hesitated because he was concerned about implicating himself in additional criminal activity. Statements against interest typically support an inference of reliability, *United States v. Harris*, 403 U.S. 573, 583 (1971); *United States v. Reivich*, 793 F.2d 957, 959 (8th Cir. 1986), so Hollrah's reticence under the circumstances suggests reliability. Nor does Zane's writing of the affidavit weaken its substance, especially given video evidence that Zane accepted Hollrah's direction and made corrections when requested.

Cone offers no direct evidence that Zane omitted the disputed information with an intent to mislead the magistrate or with reckless disregard of any misleading effect. Insofar as recklessness may be inferred from omissions themselves when they are "clearly critical" to a finding of probable cause, *see Reivich*, 793 F.2d at 961 (internal quotation omitted), no such inference is justified here for the same reasons that including the information would not have destroyed probable cause.

*       *       *

The judgment of the district court is affirmed.

_____

-5-